B25A (Official Form 25A) (12/11)

# United States Bankruptcy Court
## Western District of Oklahoma

In re **Matador Processors, LLC. an Oklahoma Limited Liability Company**  Case No. **13-15303**
Debtor(s)  Chapter **11**

Small Business Case under Chapter 11

# MATADOR PROCESSORS, LLC. AN OKLAHOMA LIMITED LIABILITY COMPANY'S FIRST AMENDED PLAN OF REORGANIZATION, DATED AUGUST 19, 2014

## ARTICLE I
## SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of **Matador Processors, LLC, an Oklahoma Limited Liability Company** (the "Debtor") from post-petition loan proceeds, cash flow from operations, and/or future income.

- This Plan provides for **one (1)** classes of secured claims; **one (1)** classes of unsecured claims; and **one (1)** classes of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately **100** cents on the dollar. This Plan also provides for the full payment of (1) administrative claims on the effective date of this Plan, and (2) priority claims in regular installment payments in cash equal to the allowed amount of such claim over a period ending not later than 5 years after the date of the order for relief under section 301, 302, or 303.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders will be circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01   Class 1.   All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)).

2.02   Class 2.   The claim of **BancFirst and First Fidelity Bank and Cleveland County Treasurer**, to the extent allowed as a secured claim under § 506 of the Code.

2.03   Class 3.   All general unsecured claims allowed under § 502 of the Code.

2.04   Class 4.   Equity interests of the Debtor.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
## U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01   Unclassified Claims.   Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02   Administrative Expense Claims.   Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. The source of funds is loan proceeds from post-petition financing.

3.03   Priority Tax Claims.   Each holder of a priority tax claim will be paid in regular installment payments in cash equal to the allowed amount of such claim over a period ending not later than 5 years after the date of the order for relief under section 301, 302, or 303.

B25A (Official Form 25A) (12/11) - Cont.                                                                                              2

       3.04    <u>United States Trustee Fees</u>.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

       4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Priority Claims | Not Impaired | Class 1 is unimpaired by this Plan. Each holder of a Class 1 Priority Claim will be paid in approximately equal monthly installment payments commencing at the effective date, in cash, equal to the allowed amount of such claim over a period ending not later than 5 years after the date of the order for relief under section 301, 302, or 303; alternatively, Debtor may elect to pay such claims in full, in cash, upon the effective date of the Plan. |
| Class 2 - Secured Claim of:<br>1 BancFirst<br>2 First Fidelity Bank<br>3 Cleveland County Treasurer | Not Impaired | Class 2 is unimpaired by this Plan. Allowed secured claims will be paid in full on or after the effective date of the Plan as soon as practicable, lump sum, from loan proceeds of post-petition financing. |
| Class 3 - General Unsecured Creditors | Not Impaired | General unsecured creditors to receive 100% of allowed claims, in cash, in apportioned and pro-rated monthly installments, without interest, commencing at the effective date, and continuing for 84 months, or until such claims are paid in full. |
| Class 4 - Equity Security Holders of the Debtor | Not Impaired | Claim to be fully paid only after all other classes have been fully paid, in cash, in monthly installments. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

       5.01    <u>Disputed Claim</u>. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

       5.02    <u>Delay of Distribution on a Disputed Claim</u>.  No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

       5.03    <u>Settlement of Disputed Claims</u>.   The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

B25A (Official Form 25A) (12/11) - Cont.                                                                                                                              3

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

    6.01    Assumed Executory Contracts and Unexpired Leases.

        (a)    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the [Insert "effective date of this Plan as provided in Article VII," "the date of the entry of the order confirming this Plan," or other applicable date:

| Name of Other Parties to Lease or Contract | Description of Contract or Lease |
|---|---|
| **-NONE-** | |

        (b)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the effective date of this Plan.   A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than **forty-five** (**45**) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

    The plan will be implemented as required under §1123(a)(5) of the Code by providing payments to classes from, alternatively, post-petition loan proceeds, cash flow from operations, and/or future income.

    Debtor shall continue to operate the business for the purpose of paying Priority Claims and General Unsecured Claims and post-petition obligation(s).   Post-petition financing is provided by a lender.   Debtor is currently completing negotiations with PPL Group (Chicago.)   A motion to approve post-petition financing will be filed by Debtor containing the precise terms of the post-petition loan.   If approved by the Court, loan proceeds of $700,000.00 shall be disbursed by lender to Allowed secured creditors, administrative claimants, and Priority claimants (should Debtor elect to make lump sum distributions to Priority Claimants.)   Some part of the loan proceeds will be retained by the Debtor to enable it to purchase bulk supplies at a better discount and meet the demand of increased orders.   Secured creditors shall be paid their Allowed secured claims in full, on or after the effective date, as soon as practicable, and shall release all mortgages/liens at closing upon receipt of the claim(s) amount(s).   Administrative claims, including attorney fees, and claims for post-petition taxes, and USTP fees, if any, shall be paid in full on the effective date of the Plan or upon entry of orders granting fees and reimbursement of expenses.   Debtor may elect to pay Priority Claims in full, on the effective date of the Plan.   If not paid in full on the effective date, Priority claims shall be paid in 60 equal monthly installments of approximately $1,215.00 per month, or a lesser amount if a lump distribution is made on the effective date.   General unsecured creditors shall receive monthly installments on or after the effective date, in an amount $860.00 per month.   Debtor shall retain all property of the estate.   Betty J Wood will continue to serve as the sole director and officer of the reorganized debtor.   Richard Clark will continue to serve as general manager of the reorganized debtor.

## ARTICLE VIII
## GENERAL PROVISIONS

    8.01    Definitions and Rules of Construction.   The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions.

    8.02    Effective Date of Plan.   The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation.   If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.   Debtor estimates the effective date is October 14, 2014.

    8.03    Severability.   If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

    8.04    Binding Effect.   The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**B25A (Official Form 25A) (12/11) - Cont.** 4

      8.05    <u>Captions</u>.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

      8.06    <u>Controlling Effect</u>.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of **Oklahoma** govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

      8.07    <u>Corporate Governance</u>.  As the sole LLC member of the Debtor, Betty J Wood shall retain all rights including voting rights, granted to members under the bylaws and applicable rules of governance of the debtor.

## ARTICLE IX
## <u>DISCHARGE OF DEBTOR</u>

      9.01    <u>Discharge</u>.  In accordance with § 1141(d)(1) of the Code, the Debtor will receive discharge of debt in this bankruptcy case.  Confirmation of the plan shall not terminate the rights and interests of Betty Wood, the sole member of the LLC Debtor.

## ARTICLE X
## <u>OTHER PROVISIONS</u>

**[Insert other provisions, as applicable.]**

Respectfully submitted,

By: **/s/ Betty J. Wood**
     **Betty J. Wood, President and Managing Member**
     The Plan Proponent

By: **/s/ B DAVID SISSON**
     **B DAVID SISSON, OBA 13617**
     Law Offices of B David Sisson
     224 W Gray Suites 101/P O Box 534
     Norman OK 73070-0534
     Telephone No. 405.447.2521
     Facsimile No. 405.447.2552
     Email sisson@sissonlawoffice.com

     ATTORNEY FOR DEBTOR