IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MATADOR PROCESSORS, LLC, | ) | Case No. 13-15303 |
| | ) | (Chapter 11) |
| Debtor. | ) | |

**AMENDED MOTION TO SELL PERSONAL PROPERTY FREE AND CLEAR OF LIENS, REQUEST TO WAIVE FOURTEEN (14) DAYS STAY UNDER RULE 6004(h), LR 4001-1(B) WITH BRIEF COMBINED, AND NOTICE OF OPPORTUNITY FOR HEARING**
[11 U.S.C. §363(b), (f)]

### NOTICE OF OPPORTUNITY FOR HEARING

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document.** If you do not want the Court to grant the motion, or you wish to have your views considered, you must file a written response to the motion with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than 21* days from the date of filing of the motion. **[Debtor has filed an Application to reduce time to object to no later than May 4, 2015, at 12:00 p.m. o'clock CST. If an Order shortening time to object is entered, it will be served as a separate document with this Motion.]** You should also serve a file-stamped copy of the response to the undersigned [and others who are required to be served] and file a certificate of service with the Court. A hearing on the motion has been set for May 5, 2015, at 9:30 a.m. before the Honorable Janice D Loyd, 2nd Floor Courtroom, 215 Dean A. McGee Avenue, Oklahoma City, Oklahoma 73102. If no response is timely filed, the court may grant the motion without further notice. **[*Note – this is a flat twenty-one (21) days regardless of the manner of service. However, if time to object is reduced to no later than May 4, 2015, at 12:00 p.m. o'clock CST, then response is due on or before that date/time, regardless of the manner of service.]**

### NOTICE OF HEARING
### (TO BE HELD IF A RESPONSE IS FILED)

Notice is hereby given that if a response to the Motion is filed, the hearing on the matter will be held on May 5, 2015, at 9:30 a.m. in the second floor courtroom of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102. If no response is timely filed and the court grants the requested relief prior to the above-referenced hearing date, the hearing will be stricken from the docket of the Court.

COMES NOW the Debtor/Debtor-in-Possession, MATADOR PROCESSORS, LLC, (hereinafter, "DIP") herein, by counsel, and moves this Honorable Court for authority to sell certain personal property of the estate pursuant to 11 U.S.C. § 363(b) and (f), free and clear of all liens, interests and encumbrances.  In support, the DIP shows the Court:

1. This Court has jurisdiction of this matter under 28 U.S.C. §§ 1334, 157.  The proceeding is brought pursuant to 11 U.S.C. § 363(b), (f) and Fed. R. Bankr. P. 6004.  DIP has the right to sell property pursuant to 11 U.S.C. § 1107(a).

2. DIP filed its voluntary petition commencing this case under Chapter 11 of the Bankruptcy Code on December 2, 2013, operating as a debtor in possession.

3. DIP's Chapter 11 Second Amended Plan was confirmed on March 9, 2015.  The Plan provides, *inter alia*, for liquidation of all personal property of DIP.

4. DIP owns the personal property ("Personal Property") described and set forth on exhibit "A," attached hereto.  The Personal Property described is substantially all DIP's tangible personal property.

5. DIP proposes to sell the Personal Property at private sale to DLJ Investments, Ltd., a Nebraska Limited Liability Partnership (hereinafter, "Buyer.")  Additionally, DIP proposes to sell to Buyer other intangible personal property, described as:

    a. DIP's transferable federal, state, county and municipal licenses and permits of any Governmental Entity relating to or necessary or useful in the operation of the Personal Property, if any;

    b. Any formulas utilized by DIP in connection with the operation of the Personal Property, if any;

    c.    The trade name "Matador;" and

    d.    Any United States or other patents the DIP owns or controls, if any.

6    The price offered for the aforesaid Personal Property and intangible personal property collectively is $350,000.00 cash ("Purchase Price.")  DIP has received $100,000.00 earnest deposit into its counsel's attorney trust pending closing; the balance of $250,000.00 will be paid at closing.

7    11 U.S.C. § 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."

8    Pursuant to 11 U.S.C. § 363(f), the trustee may sell the Personal Property "free and clear of any interest in such property of an entity other than the estate only if -- (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest in is bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest."

9    BancFirst asserts a lien against the Personal Property, and is secured by a lien on other real property of the DIP.

10    First Fidelity asserts a lien against the Personal Property, and is secured by a lien on other real property of the DIP.

11. Sysco Oklahoma asserts a lien against the Personal Property, but is not perfected and is therefore avoidable, and the subject of a bona fide dispute.

12. The Purchase Price does not exceed the aggregate value of liens.

13. By Stipulation made part of the Confirmation Order, BancFirst and First Fidelity agree to the sale of the Personal Property to which its liens are affixed, and to attach said liens to the proceeds of sale of the Personal Property in the manner described in the Confirmation Order and Stipulation.  <u>Confirmation Order, Stipulation Resolving Class 2A Objections to Confirmation</u>, ¶ 3 [Doc. No. 188.]

14. The DIP has met the requirements for sale under §363(f) of the Code, and therefore requests that the Court authorize the sale of the Personal Property and additional intangible personal property above-described, by the DIP, free and clear of any liens, interests and encumbrances with any such liens, interests and encumbrances transferring to the proceeds of such sale in accordance with and as provided by the Court's Confirmation Order approving the Second Amended Chapter 11 Plan.

15. In accordance with Fed. R. Bankr. P. 6004(f)(1), sales of property outside the ordinary course may be by private sale or public auction.  The DIP has determined that the sale of the Personal Property and other intangible personal property by a private sale will enable the DIP to obtain the highest and best value, thereby maximizing the value of the estate.

16. The DIP further requests that the Court authorize the payment of all ordinary closing costs from the sale proceeds.

17     The DIP believes that this offer is reasonable, is in the best interest of the estate, and should be approved.

18     Pursuant to Fed. R. Bankr. P. 2002(d), notice hereof is given to equity holder, Betty Wood.

19     At request of the Buyer, DIP requests a waiver of the fourteen (14) day stay imposed pursuant to Fed. R. Bankr. P. 6004(h) so that sale may be expedited.

WHEREFORE, the DIP respectfully requests that this Honorable Court enter an Order authorizing DIP to sell the Personal Property and other intangible personal property pursuant to 11 U.S.C. § 363(b), (f), free and clear of any liens, interests and encumbrances, with such liens, interests and encumbrances attaching to the proceeds of the sale, authorizing the payment of all ordinary closing costs from the sale proceeds, authorizing waiver of the fourteen (14) stay imposed by Fed. R. Bankr. P. 6004(h), and grant the Trustee such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

/s/ B David Sisson

B DAVID SISSON, OBA # 13617
Law Offices of B David Sisson
224 W Gray Suites 101/P O Box 534
Norman OK 73070-0534
Telephone No. 405.447.2521
Facsimile No. 405.447.2552
Email sisson@sissonlawoffice.com

ATTORNEY FOR DEBTOR

## CERTIFICATE OF SERVICE

        I hereby certify that on this 27th day of April, 2015, a true and correct copy of the foregoing document was electronically served using the CM/ECF system, namely:

James K. Larimore Esq. | jlarimore@dlb.net
John W Mee III, Esq. | jwm3@meehoge.com
Marjorie J. Creasey, AUST | marjorie.creasey@usdoj.gov
Neal Tomlin, Esq. | neal@tplawtulsa.com
Andrew R. Turner Esq. | aturner@cwlaw.com

/s/ B David Sisson